UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **SUZANNE DIEHL,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 3:23-cv-00863-DRL-SLC |
| | ) |
| **LANDMARK RECOVERY OF CARMEL LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

On October 27, 2023, Plaintiffs filed a motion for leave to file an amended complaint, together with a proposed amended complaint, seeking to name two additional defendants who may be liable for Plaintiffs' injuries: Landmark Recovery of Louisville, LLC, and Landmark Recovery Management Company, LLC. (ECF 13, 13-1). Defendant has not filed a response brief in opposition to the motion, and its time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3)(A). Nevertheless, the Court is not assured on this record that the addition of the two new defendant limited liabilities companies (LLC) would not destroy diversity jurisdiction, and thus, the record must be supplemented.

To explain, an LLC's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). As such, the Court must be informed of the name and citizenship of each member of the two new defendant LLCs. *See, e.g., Walsh Constr. Co. v. ADL Sys., Inc.*, No. 2:20-cv-00324-JRS-MJD, 2020 WL 13574990, at *2 (S.D. Ind. July 7, 2020); *see also Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996). If any of the members are not natural persons, the member's citizenship must be traced through all applicable layers of ownership to ensure that none of the members share a common citizenship with

Plaintiffs. *See Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004); *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

Neither the motion, nor the proposed amended complaint, however, recite the citizenship of the two proposed defendants. As a result, from these two documents, the Court cannot assess whether adding these two defendants would destroy diversity jurisdiction. Further, a review of the record as to proposed defendant Landmark Recovery of Louisville, LLC, does not elucidate that proposed defendant's citizenship. Defendant recites in its notice of removal that Landmark Recovery of Louisville, LLC, Defendant's sole member, is "owned by" estate planning trusts of Clifford F. Boyle, a citizen of Tennessee. (ECF 1 ¶ 2). And in its Federal Rule of Civil Procedure 7.1(a)(2) disclosure statement, Defendant states that Clifford F. Boyle is the "principal" of Landmark Recovery of Louisville, LLC. (ECF 2 ¶ 1). The diversity jurisdiction inquiry, however, requires that Defendant identify the name and citizenship of each of its *members*. *See Walsh Constr. Co.*, 2020 WL 13574990, at *2. Thus, Defendant's notice of removal and disclosure statement fail to adequately allege the citizenship of Landmark Recovery of Louisville, LLC. Furthermore, there is no information about the citizenship of the other proposed defendant, Landmark Recovery Management Company, LLC, in these documents.

Consequently, the Court takes Plaintiffs' motion for leave to file amended complaint (ECF 13) UNDER ADVISEMENT. Plaintiffs are AFFORDED to and including November 30, 2023, to file a supplemental jurisdictional statement that alleges the citizenship of the two proposed defendants for diversity jurisdiction purposes.

SO ORDERED. Entered this 20th day of November 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge